UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DERRICK D. MOORE,

       Plaintiff,

       v.

THE STATE OF CALIFORNIA, et al.,

       Defendants.

No. C 15-2687 NC (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff Derrick D. Moore, a California state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983.[1] Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

**DISCUSSION**

**I.     Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 1 at 4.)

28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Id.* at 634.

## II.   Legal Claims

The complaint indicates that there are multiple Plaintiffs in this case, although Plaintiff Moore is the only Plaintiff to have signed the complaint.  The Plaintiffs allege that Santa Rita County Jail is violating their right to equal protection in two ways.  First, inmates housed in state prison are eligible for 33% work time credits while Plaintiffs, housed at the county facility, are not.  Second, inmates housed in state prison are afforded cheaper commissary items and allowed other privileges, whereas Plaintiffs are not.  Liberally construed, these allegations state a cognizable claim for relief.

However, Plaintiffs next allege that the county facility has "very poor health care."  Plaintiffs are advised that this does not state a claim for deliberate indifference to serious medical needs because it does not allege sufficient facts to state a claim for relief that is plausible on its face.  To state a claim for relief, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  In addition, the facts alleged "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Id.*  Because district courts must afford *pro se* prisoner litigants an opportunity to amend to correct any deficiency in their complaints, this claim will be dismissed with leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Next, Plaintiffs name as a defendant the State of California.  However, the Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state.  *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985).  The Eleventh Amendment serves as a specific constitutional bar against hearing even federal claims which would otherwise be within the jurisdiction of a federal court.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984).  Congress did not abrogate the states' Eleventh Amendment immunity through section 1983 because a state or state agency is not a "person" for purposes of the statute.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  Thus, the State of California is

DISMISSED with prejudice.

In addition, the Court considers the procedural hurdles to Plaintiffs' joinder. If Plaintiffs proceed as a group, under the Federal Rules of Civil Procedure, each Plaintiff must sign every filing made in this case on behalf of the group. The failure of any Plaintiff to sign a particular pleading could be prejudicial to him and possibly subject his claims to dismissal. The routine practices of incarceration often prohibit or delay communications between prisoners. For these reasons, the Court is not inclined to accept multiple filings from different Plaintiffs in the same case, or to delay filing deadlines until all Plaintiffs can sign a single pleading. The interests of justice are not served by joinder of Plaintiffs in this action. Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense. *See* Fed. R. Civ. P. 20. Here, efficiency will not be promoted by allowing all Plaintiffs to bring a single case. Avoidance of possible prejudice to individual Plaintiffs, delay reduction, and avoidance of confusion call for Plaintiffs' claims to proceed separately. Moreover, severing Plaintiffs will not prejudice any substantial right. Therefore, with the exception of the lead Plaintiff Moore, all other Plaintiffs are DISMISSED from this complaint without prejudice.

Finally, Plaintiff is cautioned that he must have exhausted his administrative remedies before filing suit in federal court. The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). From the face of the complaint, it does not appear that Plaintiff has exhausted his administrative remedies.

**CONCLUSION**

1. The State of California is DISMISSED with prejudice. All Plaintiffs except Plaintiff Moore is DISMISSED from this action.

2. The complaint is DISMISSED with leave to amend. If Plaintiff believes he can cure the above-mentioned deficiencies in good faith, he must file an amended complaint within **twenty-eight days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 15-2687 NC (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to file an amended complaint within twenty-eight days and in accordance with this order may result in the dismissal of this case.** The Clerk of the Court is directed to send Plaintiff a blank civil rights form along with his copy of this order.

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: October 1, 2015

NATHANAEL M. COUSINS
United States Magistrate Judge