UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DERRICK D. MOORE,

        Plaintiff,

    v.

SANTA RITA COUNTY JAIL,

        Defendant.

No. C 15-2687 NC (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff Derrick D. Moore, a California state prisoner proceeding *pro se*, filed an amended civil rights action under 42 U.S.C. § 1983. For the reasons stated below, the Court dismisses the amended complaint with leave to amend.

## DISCUSSION

### I.   Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that

a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Legal Claims

Plaintiff's original complaint was dismissed with leave to amend because there were multiple plaintiffs, and because Plaintiff's deliberate indifference claim was insufficient. In Plaintiff's amended complaint, Plaintiff alleges that the Santa Rita County Jail is violating his right to equal protection because, while Plaintiff is a state prisoner being housed in a county facility, he is not eligible for 33% work time credits like those inmates housed in a state facility. Also, inmates housed in state prison are afforded cheaper commissary items and allowed other privileges, whereas Plaintiff not. Liberally construed, these allegations state a cognizable claim for relief.

However, the amended complaint does not state a claim against the Santa Rita County Jail. The Santa Rita County Jail is a place. On the other hand, the County of Alameda is a local government, which is a "person" subject to liability under 42 U.S.C. § 1983. To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. # 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Liberally construed, Plaintiff has done so. Santa Rita County Jail is DISMISSED. Plaintiff is given leave to amend to name the proper Defendant.

Plaintiff's amended claim of deliberate indifference fails to state a claim. Plaintiff alleges that he turned in multiple requests to see the dentist, and still has not seen one. Plaintiff also alleges that it took six months before Plaintiff was permitted to see the eye doctor. However, the allegations do not give rise to a reasonable inference that these delays were caused by a "policy" of the municipality. There is no liability under the theory that one is liable simply because he employs a person who has violated plaintiff's rights. *See Monell*

*v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). However, liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Id.* at 634.

In addition, plaintiff is advised that, in order to state a claim that a defendant was deliberately indifferent to his serious medical needs, Plaintiff must allege that: (1) he had a serious medical need, and (2) the defendant knew that Plaintiff faced a substantial risk of serious harm, and disregarded that risk by failing to take reasonable steps to abate it, *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994). *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). If Plaintiff can do so in good faith, Plaintiff must name a proper Defendant and provide sufficient facts to support an inference that the Defendant or Defendants exhibited deliberate indifference to a serious medical need.

Because district courts must afford *pro se* prisoner litigants an opportunity to amend to correct any deficiency in their complaints, the amended complaint will be dismissed with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

## CONCLUSION

1. The amended complaint is DISMISSED with leave to amend. If Plaintiff believes he can cure the above-mentioned deficiencies in good faith, he must file a second amended complaint within **twenty-eight days** from the date this order is filed. The second amended complaint must include the caption and civil case number used in this order (C 15-

3

2687 NC (PR)) and the words SECOND AMENDED COMPLAINT on the first page. **Failure to file a second amended complaint within twenty-eight days and in accordance with this order may result in the dismissal of this case.** The Clerk of the Court is directed to send Plaintiff a blank civil rights form along with his copy of this order.

2. Plaintiff is advised that any amended complaint supersedes the previous complaints. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: January 5, 2016

NATHANAEL M. COUSINS
United States Magistrate Judge

4